UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHANIEL PERKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 12-CV-3049 |
| | § | |
| BANK OF AMERICA AND BARRETT | § | |
| DAFFIN, FRAPPIER, TURNER & | § | |
| ENGEL, LLP, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Nathaniel Perkins's Motion for Remand. (Doc. No. 10.) Upon considering the motion, all responses thereto, and the applicable law, the Court concludes that the Motion to Remand should be **DENIED.**

### I.   BACKGROUND

Plaintiff Nathaniel Perkins ("Plaintiff") is a resident of Texas who brought this suit against Defendant Bank of America ("Bank of America") and Defendant Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"). Bank of America's main office is in North Carolina and Barrett Daffin is a Texas limited liability partnership. Barrett Daffin was Bank of America's counsel throughout the foreclosure sale at issue in this suit.

Plaintiff had lived in the property at issue ("Property") since 1995, which was subject to a mortgage owned and serviced by Bank of America. (Doc. No. 1-5, Plaintiff's

1

Original Petition, ¶ 7.) Plaintiff made monthly payments on the mortgage until about January 2010, at which time Plaintiff began to miss payments. (*Id.* at ¶ 8.) Barrett Daffin, on behalf of Bank of America, sent Plaintiff an acceleration letter dated January 19, 2010 (*Id.* at ¶ 10), which gave notice of a March 2, 2010 foreclosure sale that did not take place. (*Id.* at ¶ 12.) In June 2010, Bank of America executed an assignment of Note and Deed of Trust to U.S. Bank National Association ("U.S. Bank"). (*Id.* at ¶ 13.) The assignment was recorded in June 2010 (*Id.*) and retroactively effective on April 23, 2010. (*Id.* at ¶ 14.)

The Property was sold in a foreclosure sale in September 2010. (*Id.* at ¶ 18.) Plaintiff claims he never received any notice of the foreclosure sale and only became aware of it when the third-party buyer gave him a notice to vacate. (*Id.*) Three months after the foreclosure sale, Bank of America sent a letter to Plaintiff stating "that on December 28, 2010 Bank of America requested that the foreclosure sale of your property be rescinded," but noted that it depended on the buyer. (*Id.* at ¶ 21.)

Plaintiff then brought this suit in state court against Bank of America and Barrett Daffin for breach of contract, violation of the Texas Finance Code, a Texas Deceptive Trade Practice claim, violation of the Civil Practices and Remedies Code relating to fraudulent liens and a section asserting that Bank of America lacked standing to foreclose. Bank of America removed to federal court in October 2012. (Doc. No. 1.) To support removal, Bank of America claimed that the controversy was in excess of $75,000 and that Barrett Daffin, a non-diverse party, was improperly joined since it was acting only as Bank of America's attorney. Plaintiff then filed this Motion for Remand. (Doc. No. 10.)

## II. LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2)(2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* at 573 (citations omitted). A court may

3

resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.* Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id.* Thus, in order to defeat Plaintiff's Motion for Remand, Bank of America must show that this case was properly removed to this Court under 28 U.S.C. § 1441, that is, that Barrett Daffin, a purportedly non-diverse defendant, was improperly sued by Plaintiff.

### III. ANALYSIS

Plaintiff claims that the Court should remand this case because Bank of America has not proved that the controversy is in excess of $75,000 and Barrett Daffin was not improperly joined, thereby destroying diversity. Each issue will be discussed in turn.

#### A. Controversy in Excess of $75,000

Plaintiff's Original Petition does not specify the amount of monetary relief. When "the petition does not include a specific monetary demand, [the defendants] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

To support removal, Bank of America suggests two ways that the amount in controversy is in excess of $75,000. First, Bank of America claims that Plaintiff sought declaratory judgment, and the amount in controversy is "measured by the value of the object of the litigation." *Hunt*, 432 U.S. at 347. In this instance, the Property was valued at about $111,820. (Doc. No. 1 ¶ 15.) Second, Bank of America stated that Plaintiff's counsel conveyed an offer of settlement in the amount of $145,000. (*Id.* at ¶ 16.)

In claiming that Plaintiff seeks declaratory judgment, Bank of America cites to Plaintiff's Original Petition ¶ 33, which states that "[the Trust] did not have standing to authorize [Bank of America] to foreclose and the sale was void." Plaintiff claims that he is not seeking declaratory relief, instead, his prayer requests only damages. While it is true that the Plaintiff does not specifically request declaratory relief in his prayer, Plaintiff contends three times in his Original Petition[1] that the foreclosure sale should be deemed void by the Court. Plaintiff seeks a determination by the Court that the foreclosure was void and such a finding is integral to any finding in favor of Plaintiff's claims. Therefore Plaintiff does seek declaratory relief and in such a case, the amount in controversy is "measured by the value of the object of the litigation," *Hunt*, 432 U.S. at 347, which Bank of America has submitted evidence to be in the amount of $111,820. This is above the jurisdictional limit and removal was proper.

The Court now turns to Bank of America's second argument for amount in controversy: the offer of settlement in the amount of $145,000, which is dated October 1,

---

[1] Under the breach of contract claim, Plaintiff stated that "[w]ithout that proper notice the sale was void as a matter of law." (Pl. Original Petition ¶ 23.) Under the "Standing issues" section, Plaintiff asserts that the Trust did not have standing to authorize Bank of America "to foreclose and the sale was void." (*Id.* at ¶ 33.) Under the Civil Practice and Remedies Code section, Plaintiff asserts that if Bank of America "did not have standing to enforce the Note then the Substitute Trustee's Deed is a false record…." (*Id.* at ¶ 43.)

2012. This suit was filed September 7, 2012; thus, the offer of settlement was given after the filing of the suit. The Fifth Circuit has held that a post-complaint letter offering to settle is sufficient to qualify as "other paper" under 28 U.S.C. § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000). ""[O]ther paper" must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo*, 230 F.3d at 762. The period for filing a notice of removal, which is 30 days, runs only after the defendant receives a document from which he can ascertain removability. *Albright v. IBM Lender Process Services Inc.*, CIV.A. H-11-1045, 2011 WL 5921379 (S.D. Tex. Nov. 28, 2011). Since Plaintiff's Original Petition did not specify the amount in controversy, the post-complaint letter offering to settle can be considered "other paper." The letter offers to settle in the amount of $145,000, well over the jurisdictional limit. Before this letter and solely based on the Original Petition, Bank of America did not know that the amount in controversy exceeded the jurisdictional limit. Within 30 days of the letter, Bank of America timely removed. Using either method of determining amount in controversy, the amount is over the jurisdictional limit. Therefore, the jurisdictional threshold has been satisfied.

### B. Diversity

Bank of America also argues that removal is proper based on diversity. Bank of America claims that Barrett Daffin was improperly joined, and therefore its citizenship should not be considered for diversity purposes. In response, Plaintiff refers to a number of other cases in which Barrett Daffin allegedly engaged in bad conduct, and was allegedly sanctioned for bad acts. However, Plaintiff's argument is irrelevant because

those alleged bad acts are wholly unrelated to Plaintiff's claims in this case. Barrett Daffin was acting solely as counsel on behalf of Bank of America in connection with the non-judicial foreclosure. That is insufficient to join Barrett Daffin as a defendant and Plaintiff fails to allege other pertinent conduct in this case. *See Henry v. Chase Home Fin.*, LLC, CIV.A. H-11-0668, 2011 WL 6057505 (S.D. Tex. Dec. 6, 2011) (dismissing Barrett Daffin from the case because it was acting only as a mortgagor's counsel. "The claims against [Barrett Daffin] are dismissed, without leave to amend because to do would be futile.").

      The only claims of relief Plaintiff asserts against Barrett Daffin are a claim under the Texas Finance Code and a derivative claim under the Texas Deceptive Trade Practices Act. Plaintiff claims that Barrett Daffin "misrepresented the character, extend, or amount of the debt when they foreclosed on the Plaintiff's homestead without sending a proper notice of the sale and while a HAMP application was still pending." (Pl. Original Petition ¶ 37.) However, even if this assertion is true, failing to send a notice of the foreclosure sale does not constitute misrepresentation. It is lack of any representation, and Plaintiff does not contend that Barrett Daffin omitted any information it was required to include. The only fact directly related to any action taken by Barrett Daffin is that it sent a notice of acceleration dated January 19, 2010 on behalf of Bank of America. (*Id.* at ¶ 10.) Plaintiff does not allege that the notice of acceleration sent by Barrett Daffin made any misrepresentation regarding the character, extent or amount of the debt. Rather, Plaintiff alleges that Bank of America was not authorized to accelerate the debt. Plaintiff has not offered any other allegations to support its claims against Barrett Daffin. Bank of America has shown that there is no reasonable possibility that Plaintiff will be able to

establish a cause of action against that party in state court based on the Original Petition. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). Therefore, joinder was improper and Barrett Daffin's citizenship should not be considered for diversity purposes.

## IV. CONCLUSION

For the reasons discussed above, Bank of America's removal was proper and Plaintiff's Motion for Remand (Doc. No. 10) is **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 2nd day of January, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE