UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHANIEL PERKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 12-CV-3049 |
| | § | |
| BANK OF AMERICA AND BARRETT | § | |
| DAFFIN, FRAPPIER, TURNER & | § | |
| ENGEL, LLP, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Barrett Daffin Frappier Turner & Engel, L.L.P.'s Rule 12(b)(6) Motion to Dismiss. (Doc. No. 17.) Upon considering the motion, all responses thereto, and the applicable law, the Court concludes that the Motion to Dismiss should be **GRANTED.**

### I.     BACKGROUND

Plaintiff Nathaniel Perkins ("Plaintiff") is a resident of Texas who brought this suit against Defendant Bank of America ("Bank of America") and Defendant Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"). Barrett Daffin was Bank of America's counsel throughout the foreclosure proceedings at issue in this suit.

Plaintiff had lived in the property at issue ("Property") since 1995, which was subject to a mortgage owned and serviced by Bank of America. (Doc. No. 1-5, Plaintiff's Original Petition, ¶ 7.) Plaintiff made the required monthly payments on the mortgage

1

until about January 2010, at which time Plaintiff began to miss payments. (*Id.* at ¶ 8.) Barrett Daffin, on behalf of Bank of America, sent Plaintiff an acceleration letter dated January 19, 2010 (*id.* at ¶ 10), which gave notice of a March 2, 2010 foreclosure sale that did not take place. (*Id.* at ¶ 12.) In June 2010, Bank of America executed an assignment of Note and Deed of Trust to U.S. Bank National Association ("U.S. Bank"). (*Id.* at ¶ 13.) The assignment was recorded in June 2010 (*Id.*) and retroactively effective on April 23, 2010. (*Id.* at ¶ 14.)

The Property was sold in a foreclosure sale in September 2010. (*Id.* at ¶ 18.) Plaintiff claims he never received any notice of the foreclosure sale and became aware of it only after the third-party buyer gave him a notice to vacate. (*Id.*) Three months after the foreclosure sale, Bank of America sent a letter to Plaintiff stating "that on December 28, 2010 Bank of America requested that the foreclosure sale of your property be rescinded," but noted that it depended on the buyer. (*Id.* at ¶ 21.)

Plaintiff then brought this suit in state court against Bank of America and Barrett Daffin for breach of contract, violation of the Texas Finance Code, a Texas Deceptive Trade Practice claim, violation of the Civil Practices and Remedies Code relating to fraudulent liens and a section asserting that Bank of America lacked standing to foreclose. Bank of America removed to federal court in October 2012. (Doc. No. 1.) This Court denied Plaintiff's Motion to Remand. (Doc. No. 16.) Barrett Daffin then filed this Motion to Dismiss.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v.*

*Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.   ANALYSIS

#### A.  Barrett Daffin as Counsel

Barrett Daffin asserts that is it immune from liability since it was retained by Bank of America to represent it in foreclosure proceedings. "A lawyer is generally authorized to practice law to perform his duties as a lawyer without making himself liable for damages." *Mendoza v. Fleming*, 41 S.W.3d 781, 787 (Tex. App. 2001). However, immunity is not absolute. A lawyer is immune only for actions which are "within the bounds of the law." *Id.*; *Renfroe v. Jones & Assoc.*, 947 S.W.2d 285, 288 (Tex. App.— Fort Worth 1997, writ denied). Therefore, Plaintiff's claims must be considered against this backdrop.

#### B.  Breach of Contract

Plaintiff has vaguely asserted a cause of action for breach of contract, but has not defended this claim in its response to the Motion to Dismiss. Nevertheless, a breach of contract claim must be dismissed because Plaintiff has not pled that there was a contract between Plaintiff and Barrett Daffin. If there is no underlying contractual relationship between Plaintiff and Barrett Daffin, there can be no breach of contract claim.

#### C.  Texas Finance Code

Plaintiff claims that Barrett Daffin "misrepresented the character, extent, or amount of the debt when they foreclosed on the Plaintiff's homestead without sending a

proper notice of the sale and while a HAMP application was still pending." (Pl. Original Petition ¶ 37.) However, even if this assertion were true, failing to send a notice of the foreclosure sale does not constitute misrepresentation. It is lack of any representation, and Plaintiff does not contend that Barrett Daffin omitted any information it was required to include. For a statement to constitute a misrepresentation under the Texas Finance Code, "the debt collector must have made an affirmative statement that was false or misleading." *Bellaish v. Chase Home Fin*., LLC, CIV.A. H-10-2791, 2011 WL 4902958 (S.D. Tex. Oct. 14, 2011) (*citing Narvaez v. Wilshire Credit Corp*., 757 F.Supp.2d 621, 632 (N.D.Tex.2010)).

The only fact directly related to any action taken by Barrett Daffin is that it sent a notice of acceleration dated January 19, 2010 on behalf of Bank of America. (Pl. Original Petition ¶ 10.) In his Complaint, Plaintiff does not allege that the notice of acceleration sent by Barrett Daffin made any misrepresentation regarding the character, extent or amount of the debt. Rather, Plaintiff alleges that Bank of America was not authorized to accelerate the debt. Plaintiff raises for the first time in his response that Barrett Daffin did not have proof that it sent a proper default letter before the acceleration letter. But then, Plaintiff admits that the default letter should be sent by Bank of America, not Barrett Daffin. (Doc. No. 18 ¶ 20.) Plaintiff has not properly pled a claim of violation of the Texas Finance Code against Barrett Daffin.

### D.  Texas Deceptive Trade Practices Act

Plaintiff additionally alleges a cause of action for alleged violations of the Deceptive Trade Practices Act ("DTPA") by Barrett Daffin. Under the DTPA, only a consumer may seek relief. A consumer is defined as one "who seeks or acquires by

purchase or lease, any goods or services." Tex. Bus. & Com.Code §§ 17.45(4). *See also Sherman Simon Enterprises, Inc. v. Lorac Service Corp.*, 724 S.W.2d 13 (Tex. 1987) (recognizing the two requirements to qualify as a consumer under the DTPA as (1) seeking or acquiring by purchase or lease (2) any goods or services). A consumer must, in order to prevail on a DTPA claim, also establish that each defendant violated a specific provision of the Act, and that the violation was a producing cause of the claimant's injury. TEX. BUS. & COM. CODE § 17.50(a); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). Plaintiff argues that the Finance Code is a tie-in statute for the DTPA and the requirement of the consumer status is not incorporated. Plaintiff is correct to state that the DTPA is a tie-in statute, and that § 17.50(h) of the Business & Commerce Code grants a private right of action under the DTPA to a claimant seeking to recover under the Finance Code. *See* Tex. Bus. & Com.Code § 17.50(h); Tex. Fin. Code § 392.404. However, Plaintiff is mistaken about the consumer requirement. "Tex. Bus. & Com.Code § 17.50(h) does not exempt claimants from showing that they qualify as a "consumer" under Tex. Bus. & Com.Code § 17.45(4)." *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006). "In all cases, a plaintiff must qualify as a "consumer" in order to have standing to bring an action under the DTPA. *Id.* (*citing Mendoza v. American Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex.App. - San Antonio 1996, no writ)). Plaintiff did not seek or acquire, by purchase or lease, any goods or services from Barrett Daffin. Therefore, the DTPA claim against Barrett Daffin must be dismissed.

### E.  Chapter 12 Claim

Plaintiff brings a claim under Chapter 12 of the Texas Civil Practice and Remedies Code, which assesses "liability related to . . . a fraudulent lien or claim filed against real or personal property." Section 12.002 of the Code states that a person may not make, present, or use a document or other record with:

> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property;  and
> (3) intent to cause another person to suffer:
>    (A)  physical injury;
>    (B)  financial injury;  or
>    (C)  mental anguish or emotional distress.

Under §12.001, a "lien" is defined as a claim in property for the payment of a debt and includes a security interest. Tex. Civ. Prac. & Rem. § 12.001(3).

Plaintiff's Complaint alleges that the Substitute Trustee's Deed is a false record. (Pl. Original Petition, ¶ 43.) The issue is, therefore, whether the substitute trustee's deed constitutes a lien as defined by § 12.001. In *Garcia v. Bank of New York Mellon*, No. 3:12–CV–0062–D, 2012 WL 692099, at *1 (N.D. Tex. Mar. 5, 2012), the Northern District of Texas held that the plaintiffs did not establish a plausible claim that the filing of a substitute trustee's deed was a "lien" as defined by § 12.001 and dismissed the plaintiffs' claims. However, in *Kingman Holdings, LLC v. CitiMortgage, Inc*., No. 4:10–CV–619, 2011 WL 1883829, at *4–6 (E.D. Tex. Apr. 21, 2011), the Eastern District of Texas in suggests an assignment of alien may constitute a "lien" under Chapter 12.

7

*Garcia* and *Kingman* conflict on the issue of whether an assignment of a note and deed of trust can constitute a lien under Chapter 12 of the Texas Civil Practice and Remedies Code, and Texas courts have not yet considered this issue. *See Marsh v. JPMorgan Chase Bank*, N.A., 888 F. Supp. 2d 805, 813 (W.D. Tex. 2012) (wherein the Western District of Texas discusses the conflict between *Garcia* and *Kingman*.). When there is an absence of a final decision by the state's highest court, the Court must determine how the state's highest court would resolve the issue if presented with it. *Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011). Under Texas's rules of statutory construction, the Court "must construe statutes as written and, if possible, ascertain legislative intent from the statute's language." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). In *Marsh*, the court concluded that, in order to state a fraudulent lien claim under Section 12.002, a party must allege the challenged instrument "purport[ed] to create a lien or claim" against property. *Marsh*, 888 F. Supp. 2d at 813. The Complaint merely states that Bank of America did not have "standing to enforce the Note", so the substitute trustee's deed was a false record. (Pl. Original Petition ¶ 43.) There is no mention that the substitute trustee's deed created a lien or claim. It does not appear that the substitute trustee's deed meets the definition of a lien under § 12.001.

However, even if the substitute trustee's deed were a lien, Plaintiff's pleadings do not meet the other criteria necessary to assert a Chapter 12 claim. Specifically, Plaintiff has not alleged that Barrett Daffin intended to cause Plaintiff to suffer physical injury, financial injury, or mental anguish or emotional distress. Therefore, Plaintiff's Chapter 12 claim must be dismissed.

## IV.    CONCLUSION

For the reasons discussed above, Defendant Barrett Daffin Frappier Turner &

Engel, L.L.P.'s Motion to Dismiss (Doc. No. 17) is **GRANTED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 4th day of April, 2013.

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9