UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATHANIEL PERKINS, § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-3049 |
| § | |
| BARRETT DAFFIN FRAPPIER § | |
| TURNER & ENGEL, LLP, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Plaintiff Nathaniel Perkins brought this suit against Barrett Daffin Frappier Turner & Engel, L.L.P., and Bank of America for breach of contract, violation of the Texas Finance Code, a Texas Deceptive Trade Practices claim, violation of the Civil Practices and Remedies Code relating to fraudulent liens, and a section asserting that Bank of America lacked standing to foreclose. (Doc. No. 1, Ex. D.) The Court granted Defendant Barrett Daffin Frappier Turner & Engel, L.L.P.'s Motion to Dismiss on April 8, 2013. (Doc. No. 20.) The Court granted Bank of America's Motion for Summary Judgment on November 21, 2013 after a hearing on the Motion. (Doc. No. 28.) The Court entered Final Judgment the next day. (Doc. No. 29.) Plaintiff has since moved to alter or amend the Order granting Bank of America's Motion for Summary Judgment and the Final Judgment. (Doc. No. 30.)

"A motion to alter or amend under Rule 59(e) must clearly establish either a manifest error of law, present newly discovered evidence, or rely on an intervening change in controlling law." *Buck v. Thaler*, 452 Fed. App'x 423, 433 (5th Cir. 2011). Plaintiff argues that the Court's prior orders should be modified due to evidence of "dual tracking," the National Mortgage Settlement, and an alleged violation of § 51.002(d) of the Texas Property Code. (Doc. No. 30.)

1

After considering the Plaintiff's Motion, and Bank of America's response, the Court finds no reason to alter the orders in this case. There is no newly discovered evidence or intervening change in controlling law. Nor do Plaintiff's arguments demonstrate a manifest error of law. Summary Judgment was appropriate for each of Plaintiff's claims against Bank of America. Plaintiff's Motion to Alter or Amend Judgment is therefore **DENIED**.

Plaintiff specifically requests that the Court further explain "the reason the Bank is excused from their duties under § 51.002" of the Texas Property Code. (Doc. No. 30 at 2.) There is no independent cause of action for Defendant's alleged failure to comply with § 51.002(d). *See, e.g., Ashton v. BAC Home Loans Servicing, L.P. et al.*, 2013 WL 3807756 at *4 (S.D. Tex. July 19, 2013); *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377 at *7 (S.D. Tex. June 6, 2012) (construing the claim as one for wrongful foreclosure instead). The Court reads Plaintiff's Original Petition to rely on this alleged violation as the basis for Plaintiff's breach of contract claim. As explained at the hearing, however, Plaintiff cannot maintain a breach of contract claim when he has not tendered performance himself. *Water Dynamics, Ltd. v. HSBC Bank USA*, 509 Fed. App'x 367, 369 (5th Cir. 2013); *see also Garza v. EMC Mortg. et al.*, 2014 WL 1016958 at *3 (N.D. Tex. Mar. 14, 2014). The Court finds that the claim was properly dismissed.

**IT IS SO ORDERED.**

SIGNED on this the 1st day of April, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE